REDMANN, Judge.
Defendant insurer’s policy provides “disability will be deemed to be due to injury only if the disability commences within the ninety-day period immediately following the accident which caused such injury.” Plaintiff experienced problems immediately after his accidents (there were three), but continued to work for two years after the last accident until retired for disability. Defendant appeals from a judgment awarding benefits under the policy, and plaintiff answers seeking statutory attorney fees and penalty for nonpayment. We affirm.
Although the policy only provides benefits for total disability (sec. 2Aa), the clause quoted above does not provide that disability is due to injury only if total disability “commences” within 90 days. There was evidence, although disputed, from which the trial judge could conclude that the disability, although not then total, did “commence” within 90 days.
The insurer was, nevertheless, entitled to a judicial resolution of both the question of the cause of the disability and the question of policy construction, and we therefore agree with the trial judge that attorney fees and penalty are not recoverable.
There does appear to be some mathematical error in the award for past due benefits, and the Reasons for Judgment do not set forth its calculation. It was stipulated that $930 a month is the benefit amount, and the policy provides reductions of that amount by “(1) the amount of any remuneration [from the] Employer,” (2) for persons over 65 only, retirement plan payments from the employer, and “(3) any periodic cash payments with respect to disability ... provided by the Federal Social Security Act or pursuant to any workmen’s compensation law.” Plaintiff, over 65 years old, receives a pension and Social Security, and his former employer “reimburse[s] him for his cost of part B Medicare.” The pension payments are deductible under reduction (2). Social Security payments were unquestionably payable (although it is unclear from the record whether they were collected) “with respect to disability” rather than old age when plaintiff retired for disability, and at that time, the deduction of those payments fixed the net amount of plaintiff’s disability benefit. The Medicare reimbursement is not any of the three reductions.
The reductions must be fixed as of the time of the retirement for disability because that is the policy’s intent. In any case, public policy cannot allow a private insurer to reduce its disability benefits in an amount equivalent to social security increases, for that would defeat the Congress in its efforts to better the disabled’s lot by granting a cost-of-living increase. Certain *766 ly it is not the Congress’s intent to provide funds out of the social security trust fund to reduce private insurers’ obligations under policies whose premiums were paid years before. We therefore also reject plaintiff’s argument that all Social Security payments after age 65 are with respect to old age and therefore would not be deductible even though similar payments before age 65 would be deductible from the insurance benefit.
The policy language that displays this intent is, from art. 2 § 2A, that “the Insurance Company will pay a benefit at the rate determined in accordance with Section 3” and, § 2B, if the employee is injury-disabled, “the Insurance Company shall continue such benefit payments” during the disability. No insured’s purpose is to reduce his disability benefit even more if offsetting pension or social security payments are increased to aid in meeting inflation, and this insurance policy’s words evince the purpose of fixing a benefit as of the time of disability which will thereafter continue to be the same benefit payable during the disability.
It is stipulated that the gross benefit was $930 monthly from which we deduct $520.37 monthly pension and social security for a net of $409.63 monthly or $204.82 semimonthly due from defendant.
The judgment appealed from is therefore amended to award $204.82 semi-monthly from December 1,1976 until the date of the trial court’s judgment, December 12, 1979 (a total of $14,951.86) plus legal interest from each due date until paid, and to decree those semi-monthly payments payable thereafter (with legal interest from due date until paid) during plaintiff’s total disability; and the judgment is in other respects affirmed at defendant’s cost.